# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 23-5138**

**September Term, 2023**

FILED ON: MARCH 22, 2024

SRINIVASA SAI TEZA MUKKAVILLI,
  APPELLANT

v.

UR M. JADDOU, DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, AND ANTONY J. BLINKEN, SECRETARY, U.S. DEPARTMENT OF STATE,
  APPELLEES

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:22-cv-2289)

---

Before: RAO, WALKER, and GARCIA, *Circuit Judges*

## J U D G M E N T

The Court has considered this appeal on the record from the United States District Court for the District of Columbia, the briefs of the parties, and oral argument held on March 5, 2024. The Court has accorded the issues full consideration and determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is:

**ORDERED AND ADJUDGED** that the order of the district court entered June 15, 2023 — granting defendants' motion to dismiss — be **AFFIRMED** for the reasons set forth below.

\* \* \*

The United States Citizenship and Immigration Services processes EB-5 visa petitions. These investor "visas are available to noncitizens entering the country to engage in a new commercial enterprise that will" create at least ten jobs. *Da Costa v. Immigration Investor Program Office*, 80 F.4th 330, 335 (D.C. Cir. 2023) (citing 8 U.S.C. § 1153(b)(5)(A)(ii)) (cleaned up).

Foreign investors petition for an EB-5 visa by filing a Form I-526 with the USCIS. *See* 8 C.F.R. § 204.6(a), (c). When evaluating these petitions, the USCIS must consider a law that caps how many EB-5 visas can be granted to residents of any particular foreign country each year. *See*

8 U.S.C. § 1152(a)(2).

Recently, the USCIS's processing time for I-526 petitions has gone from slow to slower. *See Da Costa*, 80 F.4th at 337. In fiscal year 2018, the median processing time for an I-526 petition was about a year and a half. *Id.* By April 2023, the median time was more than four years. *Id.* That "wait is undoubtedly maddening." *Id.* at 342.

Srinivasa Sai Teza Mukkavilli is an Indian national who sought an EB-5 visa. He filed his Form I-526 in September 2020. After the USCIS failed to adjudicate his petition for nearly two years, Mukkavilli sued in August 2022. He alleged, among other things, that the USCIS violated the Administrative Procedure Act by unreasonably delaying its adjudication of his I-526 petition. *See* 5 U.S.C. § 706(1).

In particular, Mukkavilli objected to a USCIS policy called the "availability approach." Under that approach, the USCIS processes I-526 petitions in first-in, first-out order *except* when all the visas annually allocated for the petitioner's native country have already been assigned. When such a petitioner is next in line, the USCIS skips over him to the next petitioner from a different country for which there are available visas. *Da Costa*, 80 F.4th at 336-37.

The district court dismissed Mukkavilli's unreasonable-delay claim. *Mukkavilli v. Jaddou*, No. 22-cv-2289, 2023 WL 4029344, at *12-16 (D.D.C. June 15, 2023).[1] Because Mukkavilli's case is materially indistinguishable from our recent opinion in *Da Costa v. Immigration Investor Program Office*, we affirm the district court. *See* 80 F.4th at 339-46.

In *Da Costa*, foreign investors alleged that the USCIS had "unreasonably delayed adjudicating their I-526 petitions." *Id.* at 339. The USCIS did not dispute that it had a nondiscretionary duty to (eventually) adjudicate the petitions. *Id.* at 340. So the court considered "the reasonableness of the timing of the agency's action by weighing the six factors we identified in *Telecommunications Research & Action Center v. FCC*, commonly called the '*TRAC* factors.'" *Id.* at 338-39 (citing 750 F.2d 70, 80 (D.C. Cir. 1984) (*TRAC*)). Those factors ask whether (1) the agency is applying a rule of reason; (2) Congress has established a timetable; (3) human health and welfare are at stake; (4) the agency has competing priorities; (5) the delay injures the plaintiff; and (6) the agency has engaged in impropriety. *TRAC*, 750 F.2d at 80.

Applying these factors, *Da Costa* concluded that the USCIS's delay in adjudicating the EB-5 visa petitions was reasonable. First, the USCIS applies a "rule of reason" (factor 1) by "processing Form I-526 petitions from nationals of countries as to which visas are currently available in the order in which those petitions were received." *Da Costa*, 80 F.4th at 341. And the plaintiffs' requested relief "would involve disfavored line-jumping by placing them ahead of other applicants who filed their Form I-526 petitions even earlier" (factor 4). *Id.* at 339. Under those circumstances, we concluded that "those two factors carry the greatest weight," *id.*, and implied

---

[1] The district court also dismissed four other claims brought by Mukkavilli. He did not appeal two of those dismissals (Counts I and IV). In his reply brief and at oral argument, Mukkavilli stated that the other two (Counts II and III) are now moot. Appellant's Reply Br. at 1.

that the line-jumping concerns alone can sometimes tip the scales in favor of the government, *id.* at 343.

Also favoring the USCIS were "the absence of a statutory deadline" (factor 2) and the "absence of plausible allegations of government misconduct" (factor 6). *Id.* at 339-40. And though there was "harm to Plaintiffs from the waiting time" (factors 3 and 5), there were no "health and welfare harms . . . tied to their individual circumstances or the EB-5 petition process"; their harm was "insufficient to outweigh the factors weighing in favor of dismissal." *Id.* at 344-45.

*Da Costa* controls here. Mukkavilli brought the same challenge against the same practices of the same agency. So our analysis of *TRAC* factors 1, 2, 4, and 6 remains unchanged. *See id.* at 339-45. Mukkavilli argues that because his "life and career have suffered" in particularly harmful ways, factors 3 and 5 favor him and should now trump the other four. JA 34. He explains that "he is unable to visit his parents or his in laws, despite their age and ailing health," and that the delay "exacerbates" his wife's "debilitating migraines." JA 23.

We sympathize with the harms expressed by Mukkavilli, and we accept that *TRAC* factors 3 and 5 favor him in this case. But those two "factors do not tip the scales" when the factors carrying "the greatest weight" — a rule of reason (factor 1) and concerns about line-jumping (factor 4) — continue to favor the USCIS here as they did in *Da Costa*. 80 F.4th at 339-44.

We therefore **AFFIRM** the district court.

\* \* \*

This disposition is unpublished. *See* D.C. Cir. R. 36(d). We direct the Clerk to withhold the mandate until seven days after resolution of a timely petition for panel or en banc rehearing. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

**<u>Per Curiam</u>**

FOR THE COURT:
Mark J. Langer, Clerk

BY:   /s/
Michael C. McGrail
Deputy Clerk

3